## Goss v. Spicer.

Feb. 23, 1943.

R. S. Rose and R. L. Pope for appellant.

C. B. Spicer for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER— Affirming.

In the year 1918, appellant, D. A. Goss, was issued a policy of insurance on his life in the sum of $2500 by the Metropolitan Life Insurance Company. The policy contained a clause providing for the payment to the insured of the sum of $25 per month during such period of time as he should become and remain totally disabled. He paid the premiums on this policy in advance through the year 1923. In the year 1921 he was issued a policy by the Federal Reserve Life Insurance Company of Omaha, Nebraska. This policy contained a clause providing for the payment of $50 per month to the insured should he become permanently and totally disabled. Both policies contained a clause waiving payment of the premiums upon the occurrence of permanent and total disability. In the year 1923 while both policies were in force, the

insured became permanently and totally disabled. It appears that the insured through the agency of his wife duly notified both companies of his disability. The policies were in the keeping of insured's father-in-law and had been placed in the latter's safe, the combination lock to which was out of order and so remained until the year 1936 when it was opened and the policies were delivered to Mr. Goss. Shortly thereafter Mr. Goss placed his claims against the insurance companies in the hands of appellee, C. B. Spicer, an attorney at law in Harlan, Kentucky. They entered into a written contract providing for the payment to the attorney of an amount equal to fifty per centum of any recovery had upon the policies. Mr. Spicer prepared and filed suits against the companies and took or caused to be taken depositions in Omaha, Nebraska, New York, New York, and Louisville, Kentucky. Through his services the cases were settled by payment in cash of the sum of $5000. The companies refused to pay the insured any sum until a committee was appointed to take charge of his affairs. Proceedings were instituted for that purpose and insured's brother, Ben Goss, was appointed committee. Thereupon the committee entered into a written contract with the insured's attorney upon the same terms as that originally entered into by the insured. The attorney then collected the $5000 and in pursuance of both contracts and in the presence of D. A. Goss, who made no protest, the committee paid to Spicer the sum of $2500.

In January, 1939, Goss filed this action against Spicer setting out the above facts and alleging that at the time he entered into the contract with Spicer, he was ill, his mental faculties impaired, and that he had been over-reached by Spicer in entering into a contract to pay him an amount equal to fifty per centum of any recovery. He further alleged that he was sane at the time he agreed to the compromise and payment made to the appellee, but that he was sick in body and mind and could not himself determine whether the settlement was advisable; and that his committee and his attorney had carelessly, negligently, and fraudulently entered into the compromise agreement. He prayed judgment against Spicer in the entire sum paid him in pursuance of the contract.

Previous to the settlement of the claims, the Federal Reserve Life Insurance Company became involved in its financial affairs and upon dissolution its insurance was

rewritten by the Ohio National Life Insurance of Cincinnati. The latter was the company that compromised the Federal Reserve Life Insurance Company's obligation. Upon the close of all the evidence the court directed the jury to return a verdict in favor of the defendant.

Complaint is made that the committee was not appointed in accordance with the procedure set out in section 2149, Carroll's Kentucky Statutes, under which an inquiry as to Mr. Goss's physical and mental infirmities was had. Such complaint is a collateral attack upon the judgment of the court, which may not be entertained in this action. We find no evidence of fraud in respect to the settlement made with the insurance companies. The amount recovered was substantial, and, although Mr. Goss undoubtedly had been permanently and totally disabled since the year 1923, the claims under the policies, at the time appellee's services were engaged were stale. One of the companies with which he was insured had been dissolved and its risks reinsured by another company. It is impossible for us to determine from the record submitted on this appeal what defenses were interposed by the insurers in the suits filed by appellee on behalf of appellant. It is impossible for us to determine from the record whether the Ohio National Life Insurance Company which reinsured the risks of the Federal Reserve Life Insurance Company did so in the full amount of the risks or only a portion thereof. It is apparent that the insurers might have asserted many defenses and we are not in position to say that none of them could have been established had the cases been tried on their merits. Under the facts shown, we are not inclined to the opinion that the settlement was fraudulently entered into by the committee and the attorney, Mr. Spicer. Nor do we think that the evidence discloses any overreaching of Goss on the part of Spicer. The mere fact that they were good friends is not proof of overreaching and the fact that he contracted to pay an amount equal to fifty per centum of the recovery certainly is not in itself proof of the allegation. Such a contingent fee is not unusual and certainly not unreasonable for services contracted for in the prosecution of claims as old as these. We are of the opinion that if sane, Mr. Goss was bound by the contract he entered into with Mr. Spicer, and if he were incapable of managing his own affairs, he was bound by the contract entered in-

to by his committee. The chancellor's decision in respect to the fairness of the settlement and payment to Spicer is supported by the evidence that they were approved by the Honorable J. S. Forester, now regular judge of the 26th Judicial District, and appellant's father-in-law. In addition to this advice, the attorney formally sought the advice of the court in regard to this settlement and the payment of the attorney fee, and a decree approving both was entered by the then regular judge of the 26th Judicial District, the Honorable James M. Gilbert. No doubt those proceedings were had upon the advice of appellee, which fact negatives the contention that the legal services were performed in a careless or negligent manner.

Wherefore, the judgment is affirmed.